## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| BOGDAN LIZAK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 08-C-1930 |
| GREAT MASONRY, INC., and KRZYSZTOF MENDYS, | ) ) Judge Coar ) Magistrate Judge Nolan |
| Defendants. | ) ) |

### AGREED MOTION TO EXTEND DATE FOR PLAINTIFF TO FILE HIS PROVE-UP AFFIDAVIT AND FOR HEARING ON THE DEFAULT PROVE-UP

Defendants, Great Masonry, Inc. ("Great Masonry") and Krzysztof Mendys ("Mendys"), through counsel, John J. Lynch of the law firm of James L. Kopecky, P.C., hereby present this Agreed Motion to Extend the Date for Plaintiff to File his Prove-Up Affidavit and for Hearing on the Default Prove-Up, and for that Agreed Motion state as follows:

1. Defendants were served with the Complaint on or about May 9, 2008.

2. On June 2, Plaintiff filed a Motion for Entry of a Default Order, which Motion was Noticed for June 9 at 9:00 AM.

3. The Court granted Plaintiff's Motion for Default on June 4, 2008, The Court set the matter for prove-up hearing on July 15, 2008, and ordered Plaintiff to file and serve any prove-up affidavit on or before July 8, 2008.

4. Defendants retained Mr. Lynch on June 16, 2008.

5. On June 17, 2008, Mr. Lynch spoke with Mr. Bennett to advise him he had been retained and to inform him he would be filing a motion to vacate the default, which he would notice for July 1. Mr. Bennett indicated that he would oppose the

Motion to Vacate.[1]

6. Mr. Bennett also expressed his concern that, if the Motion to Vacate is denied, Plaintiff will not have sufficient time to prepare and file his prove-up affidavit by the previously-set deadline of July 8, 2008.

7. Mr. Bennett and Mr. Lynch would prefer that Plaintiff not expend the time and resources, and incur fees, to prepare the prove-up affidavit given the possibility that the Court may vacate the default judgment and render the prove-up moot.

8. Mr. Bennett and Mr. Lynch have agreed, on behalf of their clients, to ask this Court, should the Court deny the Motion to Vacate, to allow Plaintiff fourteen (14) additional days, to and including July 22, 2008, to file its prove-up affidavit, and reset the prove-up hearing for a date on or after July 29, 2008.

9. This extension will only be necessary if the Court denies Defendants' Motion to Vacate the Default.

10. This extension will allow Plaintiff to avoid what may be unnecessary fees in the event that the Court grants Defendants' Motion to Vacate the Default.

WHEREFORE, based on the foregoing, the parties respectfully request that this honorable Court enter an Order that, in the event the Court denies Defendants' Motion to Vacate the Default,

---

[1] The Motion to Vacate is being filed on June 18, 2008, for presentment on July 1, 2008. The reason for the long date is that Mr. Lynch will be out of town on a family vacation from June 19 through June 26, 2008.

Plaintiff shall have until July 22, 2008, to file his prove-up affidavit, and the prove-up default hearing shall be set for a date on or after July 29, 2008.

June 18, 2008                                     Respectfully submitted,

                                                          Great Masonry, Inc. and Krzysztof Mendys

                                  By:        s/John J. Lynch
                                                    John J. Lynch
                                                    One of Defendants' attorneys

John J. Lynch
James L. Kopecky, P.C.
190 S. LaSalle Street, Suite 850-A
Chicago, Illinois 60603
Ph:  (312) 380-6553
IL ARDC No. 6225509