UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BOGDAN LIZAK, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 1930 |
| | ) | |
| v. | ) | Judge Coar |
| | ) | |
| GREAT MASONRY, INC., and | ) | Magistrate Judge Nolan |
| KRZYSZTOF MENDYS, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT OF PARTIES' PLANNING CONFERENCE**

Pursuant to this court's order, Barry M. Bennett and Lakisha M. Kinsey-Sallis representing plaintiff, and John J. Lynch representing the defendants, met on July 23, 2008, pursuant to Rule 26(f) to discuss:

(1) the nature and basis of their claims and defenses;

(2) the possibilities for a prompt settlement or resolution of this case;

(3) to make or arrange for the disclosures required under Rule 26(a)(1); and

(4) to develop a discovery plan.

To that end, the parties propose the following:

A. The issues in this case may be simplified by taking the following steps:

    1. exchanging Rule 26 disclosures;

    2. conducting discovery; and

    3. briefing and obtaining a ruling on the defendants' motion to dismiss Count VI of the complaint.

B. The following modifications to the discovery requirements of the Federal Rules of Civil Procedure or Local Rules should be made in order to expedite discovery:

    1. none identified.

C. Discovery will be needed on the following subjects:

    1. nature of plaintiff's work for the defendants;

    2. the plaintiff's status while working for the defendants;

    3. the amount of work plaintiff performed on behalf of the defendants.

    4. the compensation plaintiff received from defendants;

    5. the circumstances under which plaintiff ceased working for the defendants;

    6. the defendants' general pay and employment practices;

    7. the plaintiff's earnings since his employment with the defendants ended; and

    8. the amount of work defendants have performed since plaintiff ceased working for them.

D. Discovery should not be conducted in phases.

E. Discovery is likely to be contentious and management of discovery should be referred to the Magistrate Judge.  Yes ____   No  X

F. At this time, the parties do not consent to this matter being referred to the Magistrate Judge for final disposition.

G. The parties have discussed the possibility of alternative dispute resolution and concluded:

    ADR would not be useful at this time.

H. The parties have discussed a prompt settlement or other resolution of this matter, but have not yet exchanged a written demand and offer. They anticipate doing so within the next three weeks.

I. The Court should consider the following methods of expediting the resolution of this matter:

    None identified.

    //s// Barry M. Bennett
    Attorney for Plaintiff


    //s// John J. Lynch
    Attorney for Defendants

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BOGDAN LIZAK, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 1930 |
| | ) | |
| v. | ) | Judge Coar |
| | ) | |
| GREAT MASONRY, INC., and | ) | Magistrate Judge Nolan |
| KRZYSZTOF MENDYS, | ) | |
| | ) | |
| Defendants. | ) | |

**PROPOSED SCHEDULING ORDER**

1. **Discovery**

    The following time limits and deadlines shall be applicable.

    A. All disclosures required by Rule 26(a)(1) shall be made on or before August 15, 2008.

    B. Any amendments to pleadings or actions to join other parties shall be filed on or before October 20, 2008.

    C. The cutoff of fact discovery is December 31, 2008.

    D. The parties shall disclose expert testimony pursuant to Rule 26(a)(2) on or before January 30, 2009.

    E. The parties may depose the other side's expert at any time prior to February 27, 2009.

    F. The parties shall disclose any rebuttal expert pursuant to Rule 26(a)(2)(c) at any time prior to March 27, 2009.

    G. The parties shall have until April 30, 2009, to depose the opposing party's rebuttal expert.

**2.**     **Motions**

      Any dispositive motions to be filed on or before January 30, 2009. (Ordinarily this date will be 30 days following the close of fact discovery.)

**3.**     **Final Pretrial Order and Conference**

      The final pretrial order shall be filed on or before April 30, 2009. (Ordinarily this date will be 90 days after the deadline for dispositive motions.)

      The final pretrial conference will be held on _____ at _____.m. (This date and time will be set by the Court at the Rule 16 conference.)

**4.**     **Trial**

      Trial is set in this matter on _____ at 10:00 a.m. (The trial date will be set by the Court at the Rule 16 conference.)

**5.**     **Status Hearings**

      A further status hearing/preliminary pretrial conference should be held on _____.

## CERTIFICATE OF SERVICE

    I certify that I will file the attached notice of filing, report on planning conference, and proposed scheduling order through the electronic case filing system on July 29, 2008, which will result in service of these documents on the following attorney:

        John J. Lynch, Esq.
        James L. Kopecky, P.C.
        190 S. LaSalle, Suite 850-A
        Chicago, IL  60603


          /s/ Barry M. Bennett

F:\Employment\E-Lizak 08 C 1930\07.29.08 Filing\Certificate of Service2 FINAL.wpd