## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| BOGDAN LIZAK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-C-1930 |
| | ) | |
| GREAT MASONRY, INC., and | ) | Judge Coar |
| KRZYSZTOF MENDYS, | ) | Magistrate Judge Nolan |
| | ) | |
| Defendants. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES TO COUNTS I THROUGH V AND VII OF PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants, for their Answer and Affirmative Defenses to Counts I through V and VII[1] of the First Amended Complaint in this matter, state as follows:

## NATURE OF THE CASE

1.    This civil action seeks damages and other relief for Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq. ("FLSA");* the Illinois Minimum Wage Law, § 820 ILCS 105/1, *et seq. ("IMWL");* the Illinois Employee Classification Act, § 820 ILCS 185/1, *et seq. ("IECA");* and the common law tort of retaliatory discharge.

**ANSWER:**    Defendants admit that Paragraph 1 contains a recitation of Plaintiff's claims. Defendants deny that they have violated any of the cited statutory or common law provisions and further deny that Plaintiff is entitled to any relief.

## JURISDICTION AND VENUE

2.    The Court has jurisdiction over Counts I, II, and III pursuant to 29 U.S.C. §216(b), and 28 U.S. §1331; and over Counts IV, V, VI, and VII pursuant to 28 U.S.C. §1367.

**ANSWER:**    Plaintiffs admit that the Court has jurisdiction over Counts I through V and VII for the reasons set forth in Paragraph 2.  Answering further, Defendants deny that they have violated any of the cited statutory or common law provisions and further deny that Plaintiff is entitled to any relief.

---

[1] Defendants have renewed their Motion to Dismiss Count VI of the Complaint.  Thus, no Answer to Count VI is set forth herein.

3.      Venue is proper in this district under 28 U.S.C. §1391 because all defendants reside in this district and because a substantial part or all of the events giving rise to plaintiff's claims occurred within this district.

**ANSWER:**    Defendants admit that venue is proper in this district but deny the remaining allegations set forth in Paragraph 3.

## PARTIES

4.      From at least January 2005 through January 2008, Plaintiff Bogdan Lizak ("Lizak") worked for Defendant Great Masonry, Inc. ("Company"), performing masonry construction, and at all relevant times was an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e); the IMWL, § 820 ILCS 105/3(d); and the IECA, § 820 ILCS 185/10.

**ANSWER:**    Defendants admit that Lizak performed work for the Company from at least January 2005 through January 2008. Defendants deny the remaining allegations set forth in Paragraph 4.

5.      The Company is and at all relevant times has been an Illinois corporation in the masonry construction industry engaged in interstate commerce, doing business within this district, and an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d); the IMWL, § 820 ILCS 105/3(c); and the IECA, § 820 ILCS 185/5.

**ANSWER:**    Defendants admit that the Company is an Illinois corporation engaged in masonry construction. Defendants deny the remaining allegations set forth in Paragraph 5.

6.      Defendant Krzysztof Mendys ("Mendys") resides in this district, and is the principal officer and, on information and belief, the sole or majority shareholder of the Company, substantially controls the terms and conditions of employment of the Company's employees, and exercises supervisory authority over the Company's hiring, its payment or non-payment of wages, and all other matters relating to the compensation and method of payment of wages, and has done so and had such status at all relevant times. By acting directly in the interest of the Company, Mendys is responsible in whole or in part for the violations alleged, and therefore is an "employer" within the meaning of the FLSA, 29 U.S.C. §203(d) and the IMWL, § 820 ILCS 105/3(c).

**ANSWER:**    Defendants admit that Mendys resides in the district and is a principal officer of the Company. Defendants further admit that Mendys is responsible for obtaining workers for the Company. Defendants deny the remaining allegations set forth in Paragraph 6.

## FACTS

7.     During Lizak's employment with the Defendants, he performed masonry services for which the Defendants paid him on an hourly basis.

**ANSWER:**     Defendants deny the Lizak was an employee of Defendants.  Defendants admit the remaining allegations set forth in Paragraph 7.

8.     The Defendants regularly required Lizak to work more than 40 hours a week.

**ANSWER:**     Denied.

9.     When Lizak worked more than 40 hours a week, the Defendants did not pay him overtime premiums for hours worked in excess of 40 but rather paid him for that work at a straight time hourly rate.

**ANSWER:**     Defendants object to this allegation on the basis that it makes and/or relies upon factual and legal conclusions.  Subject to, and without waiving, that objection, Defendants answer that Lizak was paid in accordance with his agreement with the Company and was not denied any compensation that was owed to him.

10.     The Defendants failed and refused to pay Lizak any wages for work he performed from approximately January 13, 2008 through approximately January 18, 2008.

**ANSWER:**     Denied.

11.     In late January, 2008, the Defendants discharged Lizak in retaliation for his complaining about and refusing to accept their failure to pay him and other employees for work performed.

**ANSWER:**     Denied.

## C O U N T   I

### F A I L U R E   T O   P A Y   O V E R T I M E   P R E M I U M S   I N
### VIOLATION OF FAIR LABOR STANDARDS ACT

12.     Lizak incorporates by reference the allegations of ¶¶ 1-9 as though set forth

in their entirety.

**ANSWER:**    Defendants restate and incorporate by reference their answers to paragraphs 1-9, above, as though those answers were set forth here in their entirety.

13.    Section 207(a)(1) of the FLSA, 29 U.S.C. §207(a)(1), provides that no employer shall employ any employees for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of 40 at a rate not less than one and one half times the regular rate at which he is employed.

**ANSWER:**    Defendants deny that Lizak was an employee of the Company.  Answering further, Paragraph 13 purports to summarize the cited statutory provision, and Defendants note that the Court can take judicial notice of statutory language.

14.    The Defendants knew or should have known that their failure to pay Lizak overtime premiums in accordance with the statute was unlawful.

**ANSWER:**    Denied.

15.    By knowingly failing to pay overtime to Lizak for hours worked in excess of 40 hours per week, the Defendants willfully violated the FLSA.

**ANSWER:**    Denied.

16.    As a result of the Defendants' willful actions, Lizak has suffered loss of overtime premium wages required to be paid under the FLSA, 29 U.S.C. §207(a)(1).

**ANSWER:**    Denied.

17.    Pursuant to the FLSA, 29 U.S.§ 216(b), the Defendants are liable to Lizak for three years of unpaid overtime payments, liquidated damages, and attorneys' fees and costs.

**ANSWER:**    Denied.

**PRAYER FOR RELIEF**

WHEREFORE, Lizak respectfully requests that this Court enter judgment against Great Masonry, Inc., and Krzysztof Mendys, jointly and severally, as follows:

(1)    Finding that they willfully violated the FLSA by failing to pay him overtime premiums

for hours worked in excess of 40 a week;

(2)    Ordering them to pay him the unpaid overtime compensation, an additional equal amount as liquidated damages, and pre-judgment interest;

(3)    Ordering them to pay his attorneys' fees and costs, in an amount set by the Court; and

(4)    Granting such other relief as the Court deems just and proper.

**ANSWER:**    Defendants deny that Plaintiff is entitled to any relief.

## COUNT II

### FAILURE TO PAY WAGES IN VIOLATION OF FAIR LABOR STANDARDS ACT

18.    Lizak incorporates by reference the allegations of ¶¶ 1-7 and 10 as though set forth in their entirety.

**ANSWER:**    Defendants restate and incorporate by reference their answers to paragraphs 1-7 and 10, above, as though those answers were set forth here in their entirety.

19.    Section 206(a) of the FLSA, 29 U.S.C. §206(a), requires employers to pay wages to employees performing work in any workweek.

**ANSWER:**    Defendants deny that Lizak was an employee of the Company.  Answering further, Paragraph 19 purports to summarize the cited statutory provision, and Defendants note that the Court can take judicial notice of statutory language.

20.    By knowingly failing to pay wages to Lizak for work he performed from approximately January 13 through 18, 2008, the Defendants willfully violated the FLSA.

**ANSWER:**    Denied.

21.    Pursuant to the FLSA, 29 U.S.C. § 216(b), the Defendants are liable to Lizak for the unpaid wages, liquidated damages, and attorneys' fees and costs.

**ANSWER:**    Denied.

## PRAYER FOR RELIEF

WHEREFORE, Lizak respectfully requests that this Court enter judgment against Great Masonry, Inc., and Krzysztof Mendys, jointly and severally, as follows:

(1)    Finding that they willfully violated the FLSA by failing to pay him wages as required by the statute;

(2)    Ordering them to pay him the unpaid wages, an additional equal amount as liquidated damages, and pre-judgment interest;

(3)    Ordering them to pay his attorneys' fees and costs, in an amount set by the Court; and

(4)    Granting such other relief as this Court deems just and proper.

**ANSWER:**    Defendants deny that Plaintiff is entitled to any relief.

## COUNT III

## RETALIATORY DISCHARGE IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

22.    Lizak incorporates by reference the allegations of ¶¶ 1-7 and 10-11 as though set forth in their entirety.

**ANSWER:**    Defendants restate and incorporate by reference their answers to paragraphs 1-7 and 10-11, above, as though those answers were set forth here in their entirety.

23.    Discharging an employee in retaliation for objecting to denying him his rights under the FLSA violates Section 215(a)(3) of FLSA, 29 U.S.C. § 215(a)(3).

**ANSWER:**    Defendants deny that Lizak was an employee of the Company. Answering further, Paragraph 23 purports to summarize the cited statutory provision, and Defendants note that the Court can take judicial notice of statutory language.

24.    As a result of the Defendants' unlawful discharge of Lizak, Lizak has suffered and continues to suffer the loss of income.

**ANSWER:**    Denied.

25.    Pursuant to the FLSA, 29 U.S.C. § 216(b), the Defendants are liable to Lizak for the wages he has lost, and will continue to lose, liquidated damages, and attorneys' fees and costs, and are also required to reinstate him.

**ANSWER:**    Denied.

## PRAYER FOR RELIEF

WHEREFORE, Lizak respectfully requests that this Court enter judgment against

Great Masonry, Inc., and Krzysztof Mendys, jointly and severally, as follows:

(1)    Finding that they discharged him in violation of the Fair Labor Standards Act;
(2)    Ordering them to pay him all lost wages from the time of the discharge until they offer him reinstatement, an equal amount as liquidated damages, and prejudgment interest;
(3)    Ordering them to reinstate him to the position from which they unlawfully terminated him;
(4)    Ordering them to pay his attorneys' fees and costs, in an amount set by the Court; and
(5)    Granting such other relief as this Court deems just and proper.

**ANSWER:**    Defendants deny that Plaintiff is entitled to any relief.


# COUNT IV

## FAILURE TO PAY OVERTIME PREMIUMS IN VIOLATION OF ILLINOIS MINIMUM WAGE LAW

26.    Lizak incorporates by reference the allegations of ¶¶ 1-9 as though set forth in their entirety.

**ANSWER:**    Defendants restate and incorporate by reference their answers to paragraphs 1-9, above, as though those answers were set forth here in their entirety.


27.    Section 4a of the IMWL, §820 ILCS 105/4a(1), requires employers to compensate employees for work performed in excess of 40 hours per week at a rate of no less than one and a half times the regular rate.

**ANSWER:**    Defendants deny that Lizak was an employee of the Company.  Answering further, Paragraph 27 purports to summarize the cited statutory provision, and Defendants note that the Court can take judicial notice of statutory language.


28.    By failing to pay Lizak overtime premiums for hours worked in excess of 40 per week, the Defendants willfully violated Section 4a of the IMWL.

**ANSWER:**    Denied.


29.    Pursuant to the IMWL, § 820 ILCS 105/12, the Defendants are liable to Lizak for three years' unpaid overtime payments, additional damages, and attorneys' fees and costs.

**ANSWER:**    Denied.

## PRAYER FOR RELIEF

WHEREFORE, Lizak respectfully requests that this Court enter judgment against Great Masonry, Inc., and Krzysztof Mendys, jointly and severally, as follows:

(1)    Finding that they willfully violated the IMWL by failing to pay him overtime premiums as required by the statute for hours worked in excess of 40;

(2)    Ordering them to pay him the unpaid overtime compensation, damages of 2% a month on all such underpayments, and pre-judgment interest;

(3)    Ordering them to pay his attorneys' fees and costs, in an amount set by the Court; and

(4)    Granting such other relief as this Court deems just and proper.

**ANSWER:**    Defendants deny that Plaintiff is entitled to any relief.

## COUNT V

### FAILURE TO PAY WAGES IN VIOLATION OF ILLINOIS MINIMUM WAGE LAW

30.    Lizak incorporates by reference the allegations of ¶¶ 1-7 and 10 as though set forth in their entirety.

**ANSWER:**    Defendants restate and incorporate by reference their answers to paragraphs 1-7 and 10, above, as though those answers were set forth here in their entirety.

31.    Section 4 of the IMWL, § 820 ILCS 105/4, requires employers to pay wages to employees performing work in any workweek.

**ANSWER:**    Defendants deny that Lizak was an employee of the Company.  Answering further, Paragraph 31 purports to summarize the cited statutory provision, and Defendants note that the Court can take judicial notice of statutory language.

32.    By knowingly failing to pay wages to Lizak for work he performed from approximately January 13 through January 18, 2008, the Defendants willfully violated the IMWL.

**ANSWER:**    Denied.

33.    Pursuant to IMWL, § 820 1LCS 105/12, the Defendants are liable to Lizak for

the unpaid wages, additional damages, and attorneys' fees and costs.

**ANSWER:**    Denied.

## PRAYER FOR RELIEF

WHEREFORE, Lizak respectfully requests that this Court enter judgment against Great Masonry, Inc., and Krzysztof Mendys, jointly and severally, as follows:

(1)    Finding that they willfully violated the IMWL by failing to pay him wages as required by the statute;
(2)    Ordering them to pay him the unpaid wages, additional damages of 2% a month, and pre-judgment interest;
(3)    Ordering them to pay his attorneys' fees and costs, in an amount set by the Court; and
(4)    Granting such other relief as this Court deems just and proper.

**ANSWER:**    Defendants deny that Plaintiff is entitled to any relief.

## C O U N T   V I

## R E T A L I A T O R Y   D I S C H A R G E   I N VIOLATION OF ILLINOIS COMMON LAW

**Note: Defendants have renewed their motion to dismiss Count VI pursuant to FRCP 12(b)(6).  Therefore, no answer is required at this time.**

## COUNT VII

## F A I L U R E   T O   I D E N T I F Y   A N D   C L A S S I F Y   L 1 Z A K P R O P E R L Y   A S   A N   E M P L O Y E E   I N   V I O L A T I O N   O F ILLINOIS EMPLOYEE CLASSIFICATION ACT

38.    Lizak incorporates by reference the allegations of ¶¶ 1-7 as though set forth in their entirety.

**ANSWER:**    Defendants restate and incorporate by reference their answers to paragraphs 1-7, above, as though those answers were set forth here in their entirety.

39.    At all relevant times, Lizak's work and performances was [sic] under the direction of the Company.

**ANSWER:**    Denied.

40.     Lizak's services for the Company were never outside the usual course of services that the Company's other employees provide.

**ANSWER:**    Denied.


41.     Lizak was never engaged in any independently established trade or business in connection with his work for the Company.

**ANSWER:**    Denied.


42.     Lizak was never a sole proprietor or part of a partnership in connection with his work for the Company.

**ANSWER:**    Defendants have no knowledge sufficient to form a belief as to, and therefore deny, the allegations in paragraph 42.


43.     The Company nonetheless improperly treated Lizak as an independent contractor and as a result, the Company paid Lizak straight pay in the form of cash without taking the required payroll deductions or making the required contribution on his behalf for his work in January 2008.

**ANSWER:**    Denied.


44.     By failing to identify and classify Lizak properly as an employee, the Company violated Section 20 of the IECA, § 820 ILCS 185/20.

**ANSWER:**    Denied.


45.     Pursuant to Section 60 of the IECA, § 820 ILCS 185/60, the Company is liable to Lizak for the amount of wages or other compensation he lost as a result of the misclassification, an equal amount in liquidated damages, compensatory damages, $500.00 for each violation, and attorneys' fees and costs.

**ANSWER:**    Denied.

## **PRAYER FOR RELIEF**

WHEREFORE, Lizak respectfully requests that this Court enter judgment against Great Masonry, Inc., as follows:

(1)     Finding that it violated the Illinois Employee Classification Act, §820

ILCS 185/20;

(2)     Ordering it to pay him all lost wages and other compensation and an equal amount as liquidated damages;

(3)     Ordering it to pay him compensatory damages;

(4)     Ordering it to pay him $500.00 for each violation;

(5)     Ordering it to pay his attorneys' fees and costs, in an amount set by the Court; and

(6)     Granting such other relief as this Court deems just and proper.

**ANSWER:**     Defendants deny that Plaintiff is entitled to any relief.

## **AFFIRMATIVE DEFENSES**

1.     Plaintiff's claims are barred in whole or in part by the doctrine of accord and satisfaction.

2.     Plaintiff's claims are barred in whole or in part by the doctrine of laches.

3.     Plaintiff's claims are barred in whole or in part by the doctrine of *in pari delicto*.

August 29, 2008                          Respectfully submitted,

                                         Great Masonry, Inc. and Krzysztof Mendys

                          By:     _____s/ John J. Lynch_____
                                         John J. Lynch
                                         One of Defendants' attorneys

John J. Lynch
James L. Kopecky, P.C.
190 S. LaSalle Street, Suite 850-A
Chicago, Illinois 60603
Ph:  (312) 380-6553
IL ARDC No. 6225509