**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BOGDAN LIZAK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08-C-1930 |
| ) | |
| GREAT MASONRY, INC., and ) | Judge Coar |
| KRZYSZTOF MENDYS, ) | Magistrate Judge Nolan |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS COUNT VI OF THE
FIRST AMENDED COMPLAINT**

Defendants, Great Masonry, Inc. ("Great Masonry") and Krzysztof Mendys ("Mendys"), through counsel, John J. Lynch of the law firm of James L. Kopecky, P.C., for their Memorandum of Law in Support of Their Motion to Dismiss pursuant to FRCP 12(b)(6), state as follows:

**INTRODUCTION**

Plaintiff filed a seven-count complaint. Counts I, II, IV and V alleged failure to pay overtime premiums and wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Illinois Minimum Wage Law ("IMWL", 820 ILCS 105/1 *et seq.* Count III alleged retaliatory discharge in violation of Section 15 of the FLSA. Count VI alleged retaliatory discharge in violation of Illinois common law. And Count VII alleged a violation of the Illinois Employee Classification Act.

Defendants answered Count I through V and VII, and moved to dismiss Count VI. Rather than respond to the Motion to Dismiss, Plaintiff filed an Amended Complaint in which he made some minor changes to Counts I through V and VII and, additionally, attempted to plead

Count VI so as to defeat a renewed Motion to Dismiss.

Plaintiff's amended pleading still cannot stand. Thus Defendants again move to dismiss Count VI because it is preempted by the Illinois Whistleblower Act ("Whistleblower Act"), 740 ILCS 174/1 *et seq.* Regardless, even if Count VI is not preempted by the Whistleblower Act, the Count should be dismissed as to Defendant Mendys because the Illinois tort of retaliatory discharge may only be brought against employers, not individuals.

Additionally, Count VI should be dismissed because it is essentially the same as Count III (retaliation in violation of the Fair Labor Standards Act), and, therefore, impermissibly seeks to expand the scope of the tort of retaliatory discharge.

## ARGUMENT

In considering a Motion to Dismiss, the Court must accept as true all well-pleaded factual allegations in the complaint, including all reasonable inferences that could be drawn from those facts. McDonald v. Household Int'l, 423 F.3d 424, 425 (7th Cir. 2005). Here, accepting as true all the allegations in Plaintiff's complaint, the Court must dismiss Count VI for failure to state a claim.

**I.     The Illinois Whistleblower Act codified and preempts the tort of common law retaliatory discharge.**

Illinois enacted the Illinois Whistleblower Act, 740 ILCS 174/1 *et seq.* (the "Act") effective January 1, 2004. Courts have ruled that the Act has codified the common law tort of retaliatory discharge in Illinois. Sutherland v. Norfolk So. Ry. Co., 826 N.E.2d 1021, 1025 n.4, 356 Ill. App. 3d 620, 624 n.4 (1st Dist. 2005); see also, Riedlinger v. Hudson Respiratory Care, Inc., 478 F. Supp. 2d 1051, 1054 (N.D. Ill. 2007); Jones v. Dew, 2006 WL 3718053 *3 (N.D. Ill., December 13, 2006) (copy attached) and cases cited therein.

The District Court has concluded that the Act preempts the common-law cause of action.

In <u>Riedlinger</u>, the court:

> interpret[ed] Illinois law to provide that an employee has a cause of action for retaliatory discharge in Illinois only if he or she has revealed information he or she reasonably believes discloses a violation of a law or regulation to some government or law enforcement agency. Where an employee has revealed this information only to his or her employer, there is no cause of action in Illinois for retaliatory discharge.

<u>Riedlinger</u>, 478 F. Supp. 2d at 1055. See also, <u>Jones v. Dew</u>, 2006 WL 3718053 at *4 (where plaintiff did not allege having made complaints to a government or law enforcement agency, she falls outside of the protection of the Act).

Here, as in <u>Riedlinger</u> and <u>Jones</u>, Plaintiff does not allege that he made any complaint to law enforcement or a governmental agency. Even after amending the Complaint, Plaintiff still does not make such an allegation. Thus, because the Act preempts the common law tort, and because Plaintiff does not fall within the protection of the Act, Count VI must be dismissed.

Defendants acknowledge that there is one Illinois Appellate Court case that reached a different conclusion from <u>Riedlinger</u> and <u>Jones</u>. See, <u>Callahan v. Edgewater Care & Rehabilitation Ctr., Inc.</u>, 872 N.E.2d 551, 554, 374 Ill. App. 3d 630, 634 (1st Dist. 2007)(reaching the conclusion that the Act does not preempt the common law tort but, instead, "affords greater relief . . . to employees retaliated against in violation of its provisions"). Defendants maintain, however, that the District Court opinions contain the better analysis and more likely reflect how the Illinois Supreme Court would rule. That is particularly true when one considers that the "current policy of [the Illinois] supreme court is to restrict and narrow rather than expand the range of the retaliatory discharge cause of action." See, *e.g.*, <u>Irizzary v. Illinois Central R.R. Co.</u>, 879 N.E.2d 1007, 1011, 377 Ill. App. 3d 486, 489 (1st Dist. 2007)(decided four months after <u>Callahan</u> but not addressing the issue of whether the Act preempts the common law tort cause of action) and cases cited therein.

Because there is no longer a common law cause of action for retaliatory discharge in Illinois, Count VI should be dismissed.

## II. Even if not preempted by the Act, Plaintiff's common law claim must be dismissed.

Even if the Court finds that the Act does not preempt the common law tort claim, Count VI must be dismissed because the common law tort of retaliatory discharge in Illinois does not "encompass a private and individual grievance" such as Plaintiff's grievance in this case.[1] Irizzary, 879 N.E.2d 1007 at 1012, 377 Ill. App. 3d at 490-91 (citations omitted).

In Irizzary, the Plaintiff was allegedly injured on the job and filed an injury report. Plaintiff alleged that he was terminated for filing the report and for potentially pursuing his rights under the Federal Employer's Liability Act ("FELA"). Id. at 1009-10, 377 Ill. App. 3d at 487. He filed a complaint seeking relief under FELA as well as under the common law tort of retaliatory discharge.

The Court, upholding its previous ruling in Sutherland, supra, declined to expand the tort of retaliatory discharge and gave a lengthy dissertation of previous Illinois supreme court and appellate court cases that have likewise refused to expand the tort. "[I]n light of our supreme court's expressed reluctance to expand the tort of retaliatory discharge, we refuse to extend the tort to employees discharged for filing FELA claims." Id. at 1013, 377 Ill. App. 3d at 492. See also, Sutherland, 826 N.E.2d at 1029, 356 Ill. App. 3d at 629 (where plaintiff has a remedy under FELA and the Railway Labor Act, "there is no compelling rationale to afford protection under Illinois retaliatory discharge law to cover employees discharged for filing FELA claims").

Similarly, here, Plaintiff has alleged a claim in Count III for retaliatory discharge under

---

[1] In an apparent attempt to convert his "individual grievance" into a "collective grievance," Plaintiff amended paragraph 11 of his Complaint to indicate that he complained on behalf of "him and other employees." *See*, First Amended Complaint, ¶ 11. That amendment does not overcome the unsustainability of Count VI.

4

the FLSA. There is no rationale for expanding the tort of retaliatory discharge (if it still exists) to an action for which there is already statutory relief under federal law. If the plaintiffs in <u>Irizzary</u> and <u>Sutherland</u> could not maintain common law causes of action arising from alleged violations of federal law, then Plaintiff in this case cannot maintain his common law cause of action.

Thus, if the Court finds that there still exists a common law action for retaliatory discharge in Illinois, the Court should still dismiss Count VI as it seeks to impermissibly expand that tort in contravention of Illinois' courts' repeated refusals to do so.

### III.    Even if not preempted by the Act, Plaintiff's common law claim must be dismissed as against Mendys.

#### A.    There is no individual liability for statutory or common law retaliatory discharge in Illinois.

In Count VI, Plaintiff seeks relief against Mendys. Whether under the Whistleblower Act or the common law tort of retaliatory discharge, the state law claim of retaliatory discharge cannot lie against Mendys, an individual defendant. <u>See</u>, <u>Averett v. Chicago Patrolmen's Federal Credit Union</u>, 2007 WL 952034 *5 (N.D. Ill. March 27, 2007)(copy attached)(holding that the Act does not provide for individual liability because "Illinois courts have unequivocally stated that only employers – and not agents or employees of the employer – can commit the tort of retaliatory discharge"), <u>citing</u>, <u>Buckner v. Atlantic Plant Maint., Inc.</u>, 694 N.E.2d 565, 569-70, 182 Ill. 2d 12 (1998).

Thus, regardless of how the Court rules on the issues of preemption and the sustainability or Plaintiff's cause of action for common law retaliatory discharge, the Court must dismiss Count VI as against Defendant Mendys.

**B.      Plaintiff should be sanctioned for attempting to maintain this cause of action against Mendys in the First Amended Complaint.**

The case law and argument in Section III.A., above, was set forth in Defendants' Memorandum of Law in Support of their original Motion to Dismiss. Rather than acknowledge the clear authority that a retaliatory discharge claim cannot lie against an individual defendant, Plaintiff has amended Paragraph 35 of his Complaint in an apparent attempt to more stridently seek relief from Mendys. Defendants' counsel pointed this out to Plaintiff's counsel prior to the filing of the Amended Complaint, but Plaintiff continues to seek relief against Mendys with no authority for seeking such relief. Such conduct is subject to Rule 11 sanctions by the Court.

WHEREFORE, Defendants respectfully request that this honorable Court enter an Order dismissing Count VI of the First Amended Complaint and granting such other relief as this Court may deem just and appropriate.

August 29, 2008                                        Respectfully submitted,

                                                                   Great Masonry, Inc. and Krzysztof Mendys

                                        By:      s/ John J. Lynch
                                                      John J. Lynch
                                                      One of Defendants' attorneys

John J. Lynch
James L. Kopecky, P.C.
190 S. LaSalle Street, Suite 850-A
Chicago, Illinois 60603
Ph: (312) 380-6553
IL ARDC No. 6225509