IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BOGDAN LIZAK,                           )
                                        )
                    *Plaintiff*,        )
            v.                          )      No.  08-C-1930
                                        )
GREAT MASONRY, INC., and KRZYSZTOF      )      Honorable David H. Coar
MENDYS,                                 )
                    *Defendants*.       )
                                        )
                                        )

**MEMORANDUM OPINION AND ORDER**

Before this Court is the Defendants Great Masonry, Inc.'s and Krzysztof Mendys's

("Defendants") motion to dismiss Count VI of Plaintiff Bogdan Lizak's ("Plaintiff") Amended

Complaint.  On August 7, 2008, Plaintiff filed an Amended Complaint containing seven counts:

Counts I, II, IV, and V alleged failure to pay overtime premiums and wages pursuant to the Fair

Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Illinois Minimum Wage Law

("IMWL"), 820 ILCS 105/1 *et seq.*; Count III alleged retaliatory discharge in violation of

Section 15 of the FLSA;  Count VI alleged retaliatory discharge in violation of Illinois common

law; Count VII alleged a violation of the Illinois Employee Classification Act.  On August 29,

2008, Defendants filed a Motion to Dismiss Count VI of Plaintiff's Amended Complaint.  For

the reasons stated below, Defendant's Motion to Dismiss Count VI is GRANTED.

## I.       Alleged Facts

From January 2005 through January 2008, Plaintiff worked for Defendant Great

Masonry, Inc., performing masonry construction for which he was compensated on an hourly

basis.  Plaintiff alleges that he was regularly required to work over forty hours per week, but was

only compensated at his regular rather than overtime rate.  Plaintiff further alleges that between

January 13, 2008 and January 18, 2008, Defendants refused to pay him any compensation.  In

late January of 2008, Plaintiff was discharged after he "complain[ed] about and refus[ed] to

accept [Defendants'] failure to pay him and other employees for work performed."  Pl.'s First

Am. Compl. at 3.

## II.       Standard of Review

In ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the

Court will assume that all facts alleged in the Complaint are true and construe the allegations in

the Plaintiff's favor.  *Tamayo v. Blagojevich,* 526 F.3d 1074, 1081 (7th Cir. 2008).  A party's

claim should only be dismissed if it is clear that no set of facts in support of the claim would

entitle the party to relief.  *Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997) (quoting *Hishon*

*v. King & Spalding*, 467 U.S. 69, 73 (1984)).

## III.       Analysis

Defendants move for dismissal on Count VI of Plaintiff's Amended Complaint on the

grounds that: 1) it is preempted by the Illinois Whistleblower Act ("IWA"), 740 ILCS 174/1 *et*

*seq,* 2) in Illinois, the retaliatory discharge tort does not encompass a private and individual

grievance, and 3) the claim cannot be sustained against Defendant Mendys because the retaliatory discharge tort may only be brought against employers, not individuals.

Defendants first argue that the Illinois common law tort of retaliatory discharge has been preempted by the IWA, 740 ILCS 174/1 *et seq.* This issue has not yet been addressed by the Illinois Supreme Court. Defendants cite *Sutherland v. Norfolk Southern Ry. Co.,* 826 N.E.2d 1021 (2005) in support of their position. *Sutherland* was decided before the IWA went into effect, and merely noted in footnote that "[t]he 'whistleblower' cause of action has since been codified in the Whistleblower Act." *Id.* at 1026 n.4. Furthermore, *Sutherland* only decided whether an employee could bring a common law retaliatory discharge action for filing a claim under the Federal Employer's Liability Act, 45 U.S.C. § 51, *et seq.,* and never addressed the issue of preemption. Defendants further cite a number of district court opinions in support of their position. *See, e.g., Riedlinger v. Hudson Respiratory Care, Inc.,* 478 F.Supp.2d 1051, 1054 (N.D. Ill. 2007); *Jones v. Dew,* 2006 WL 3718053 *3 (N.D. Ill. Dec. 13, 2006).

In contrast, the Illinois Appellate Court has held that the IWA did not preempt the common law retaliatory discharge tort. *See Callahan v. Edgewater Care & Rehabilitation Ctr., Inc.,* 872 N.E.2d 551, 554 (Ill. App. 2007) ("The rule has long been that a statute will not be construed as taking away a common-law right existing at the time of its enactment unless the pre-existing right is so repugnant to the statute that the survival of the common-law right would in effect deprive the statute of its efficacy and render its provisions nugatory … [W]e fail to see how [the IWA] creates any irreconcilable conflict with the persistence of a common-law remedy in favor of employees not covered by the statute but who, nevertheless, are discharged in retaliation for whistleblowing activities in violation of a clearly mandated public policy). The *Callahan* court noted that "[in] *Jones*, the court rested its preemption holding on this court's

statement [in *Sutherland*] that the Whistleblower Act codified the common law retaliatory

discharge claim based on whistleblowing activities.  The *Reidlinger* court essentially relied upon

the reasoning and holding in *Jones*.  Neither court, however, conducted an analysis of the issue

of when a statute preempts or repeals a common-law remedy by implication."  *Id.* at 553

(internal citations omitted).  *Callahan*, in contrast, conducted a full preemption analysis and

concluded that the retaliatory discharge tort was not preempted by the IWA.

 In predicting how the Illinois Supreme Court will rule, the Seventh Circuit has stated that

"[t]he decisions of the Illinois Appellate Court are persuasive authority.  Although those

decisions do not bind us, we shall follow them unless we have a compelling reason to believe

that they have stated the law incorrectly."  *Adams v. Catrambone,* 359 F.3d 858, 862 (7th Cir.

2004).  Because *Callahan* directly addressed the issue at hand after conducting the complete

preemption analysis, this Court defers to decision and holds that the IWA did not preempt the

common law tort of retaliatory discharge.

Defendants next argue that even if Count VI is not preempted, it must be dismissed

because the common law tort of retaliatory discharge in Illinois "does not encompass a private

and individual grievance."  *Irizarry v. Illinois Central R.R. Co.,* 879 N.E.2d 1007, 1012 (Ill.

2007).  Defendants and Plaintiff both incorrectly attribute a literal interpretation to "individual

grievance," with Plaintiff arguing that he has a collective grievance because his discharge was in

retaliation for "complaining about and refusing to accept" the Defendants' failure to pay wages

to him and other employees.

In order to show that a grievance is not individual in nature, a Plaintiff "must show that

he was discharged in retaliation for his activities and that the discharge was in contravention of a

clearly mandated public policy." *Eisenbach v. Esformes*, 582 N.E.2d 196, 198 (Ill. App. 1991).

"[P]ublic policy concerns what is right and just and what affects the citizens of the State

collectively. It is to be found in the State's constitution and statutes and, when they are silent, in

its judicial decisions." *Palmateer v. International Harvester Co.*, 421 N.E.2d 876, 878 (Ill.

1981). Therefore, the relevant inquiry is not whether the Plaintiff's grievance is collective in

nature, but whether he was discharged in contravention of Illinois public policy. Plaintiff argues

that his discharge violated the Illinois Minimum Wage Law, 820 ILCS 150/4 ("IMWL"). In

*Wilke v. Salamone*, 404 F. Supp. 2d 1040 (N.D. Ill. 2005), the court granted summary judgment

to the defendant on the plaintiffs' retaliatory discharge claim when the plaintiffs alleged that their

termination violated the mandate of the IMWL. The court first considered that Illinois courts

have earlier ruled that retaliatory discharge actions could not be based on the policy contained in

the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq*. After noting that "public

policies associated with economic regulation are less likely to be held sufficient to support

claims of retaliatory discharge," the court held that plaintiffs could not state a claim for

retaliatory discharge pursuant to the IMWL. *Id.* at 1050 (internal citations and quotation marks

omitted). This Court adopts the reasoning in *Wilke* to hold that the Plaintiff was not discharged

in contravention of a clearly mandated public policy. As a result, Defendants' motion to dismiss

Plaintiff's common law retaliatory action claim is GRANTED.

Finally, Defendants argue that Plaintiff's common law retaliatory action claim against

Mr. Mendys could not have been sustained because such a claim can only be brought against

employers. *See Buckner v. Atlantic Plant Maint., Inc.,* 694 N.E.2d 565, 569-70 (Ill. 1998)

(holding that a common law retaliatory discharge claim may only be brought against an

employer, but not an agent or employee of the employer). Plaintiff responded by stating that Mr.

Mendys is considered an employer under the IMWL, though he does not provide any authority to support that he is also considered an employer for the purposes of a common law retaliatory discharge action.  Plaintiff further alleges in his complaint that Mr. Mendys is the sole or majority shareholder of Great Masonry, Inc.  Defendants urge this Court to sanction the Plaintiff pursuant to Federal Rule of Civil Procedure 11(c)(3) for his continued pursuit of the claim against Mr. Mendys despite being presented with legal authority that his claim is unlikely to be sustained.  This Court declines to impose sanctions on the Plaintiff, as his argument appears to have been a good faith attempt to extend the law and is therefore not violative of Rule 11(b).

### IV.     Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss Count VI of the Plaintiff's First Amended Complaint is GRANTED.


Enter:

/s/ David H. Coar

_____

David H. Coar
United States District Judge

Dated: **March 30, 2009**